# CHARLESTON

## STATE v. STALNAKER.

Submitted November 24, 1914. Decided December 15, 1914.

SALE—*Evidence.*

A case presenting a question of fact for the jury, and involving no new principle of law.

Error to Circuit Court, Randolph County.

T. G. Stalnaker was convicted of an unlawful sale of liquor, and brings error.

*Affirmed.*

*William T. George, James Coberly* and *Harding & Harding*, for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

LYNCH, JUDGE:

Of a judgment of conviction, after trial by jury, for the unlawful sale of intoxicants, T. J. Stalnaker complains here on writ of error. The only question presented or discussed relates to the identification of accused as the person who made the sale.

That Smith Dugger purchased and paid for a pint of liquor in the building managed and controlled by defendant, and which he and his wife occupied as their residence, is not denied; nor are the further facts that on the day of sale defendant had an internal revenue stamp posted on the building, as required by law, showing payment of the tax imposed by the federal government on retail liquor dealers, and that in the city of Elkins, where the sale was made, defendant was known and spoken of as "Old Jeff".

Dugger testified that, upon inquiring of Mart Roy "where we can get something", the latter replying "let us go in and see Old Jeff", he went with Roy "the back way around and inside" the Stalnaker building and got whiskey of the man he was told and who he understood was the accused. When asked who sold him the liquor, he said, "I got it from Mr. Stalnaker", and identified him as the man. Later he said: "Well, I suppose that is the man, only I thought he was a little bit grayer than that, that his mustache was a little lighter". Again, while Dugger said, "Well, I wouldn't like to say he is the man, although it looks like the same man; I would hate to say it was the man I got it from", yet when asked the direct question, "What is your opinion, is he or is he not the man"? he replied: "Well, I would rather think he was; yes".

Though Roy, as defendant's witness, testified he did not remember the conversation with Dugger, he did not expressly deny it, or that Dugger got whiskey from Stalnaker at the time and in the manner stated by him; he only said, "not that I know of". But he admits Dugger and Stalnaker were at or near the Stalnaker building, and the latter was in the rear room of it and had the lower part in his charge and control, at the time fixed as the date of the purchase; that many strangers were in and about the building on that occa-

sion; that at that time he frequently saw Stalnaker in the back room on the lower floor, and. it "seemed to be a place of general resort", and he saw men and boys going in and out of it, but he does not remember but does not think he saw any ladies there; and that some one sold Bevo in the front room, and he thinks he drank some of it.

Stalnaker denied sales of liquor_to Dugger or any other person.    But he admits that there was whiskey in the back room of the building, that he "saw all kinds of whiskey and beer in there", and took several drinks himself, and that he had a federal retail liquor license in effect at that time.

Being of the opinion that the evidence sufficiently warranted the verdict, we affirm the judgment based thereon.

*Affirmed.*